UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

### Petition for Warrant or Summons for Person Under Supervision

Name of Offender: Travion Davis                                    Docket No.: 4:22CR00053-1 AGF

Name of Sentencing Judicial Officer: The Honorable Audrey G. Fleissig
Senior United States District Judge

Date of Original Sentence: July 10, 2023

Original Offense: Count 1: Distribute a Detectable Amount of Fentanyl
Count 2: Distribute a Detectable Amount of Fentanyl

Original Sentence: 8 months imprisonment on each of counts 1 and 2, all such terms to be served concurrently. Term of imprisonment to be followed by 3 years supervised release.

Type of Supervision: Supervised Release          Date Supervision Commenced: November 24, 2023
                                                  Expiration Date: November 23, 2026

Assistant U.S. Attorney: Ricardo M. Dixon                      Defense Attorney: Kevin Blain Gau

---

### PETITIONING THE COURT

[X]   To issue a warrant

The probation officer believes that the offender has violated the following conditions of supervision:

**Violation Number**

Mandatory Condition No. 1: You must not commit another federal, state or local crime.

**Nature of Noncompliance**

On April 7, 2025, Davis received the following citations from law enforcement with the Florissant, Missouri Police Department: Operate Vehicle Without Maintaining Financial Responsibility (ticket no. 210242644), Driving While Revoked or Suspended (ticket no. 210242643), Expired Plates (ticket no. 210242645). These offenses are still pending with the Florissant, Missouri Municipal Court with a future court date of November 5, 2025.

When interviewed, Davis admitted to having committed the infractions.

**Violation Number**

Mandatory Condition No. 1: You must not commit another federal, state or local crime.

Mandatory Condition No. 2: You must not unlawfully possess a controlled substance.

Standard Condition No.3: You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

**Nature of Noncompliance**

On September 18, 2025, the undersigned officer was contacted by law enforcement with the Springfield, Missouri Police Department and was advised that Davis had been arrested. The offender indicated that, since April of 2025, multiple tips of Travion "Church Boy" Davis selling multiple drugs in the Springfield area had been received. It was indicated that Davis had been bringing what were described as party packs of drugs to Springfield, Missouri from St. Louis. Informants indicated that Davis transported his drugs via the Greyhound bus overnight. In mid-July of 2025, law enforcement conducted a controlled purchase of fentanyl from Davis. Davis then reportedly went back to the St. Louis area for some time due to his reported accomplice being arrested for trafficking methamphetamine in early August of 2025 who had also reportedly fled to the St. Louis area. Receipt of the related incident report is still pending (SPD25-20917).

The officer further indicated that on 09/18/2025, communication was received indicating that Davis was back in the Springfield area. The officer observed Davis at a hotel known for drug trafficking called the Battlefield Inn (2114 S. Glenstone Ave). Davis was observed walking out of a room with a backpack over his shoulders. Davis had room 125 reserved under his name. When approached by law enforcement, Davis consented to a search of his room but not his backpack. In the room, multiple burnt foils were located that are used to smoke fentanyl. A personal sized amount of methamphetamine was also found, which a female on scene claimed as hers. Due to the drug paraphernalia being in Davis' room, Davis was arrested for Unlawful Possession of Drug Paraphernalia – Prior Drug Offense. Law enforcement then obtained a search warrant for Davis' backpack.

Inside Davis' backpack, the following items were found: a large amount of cash, scale, approximately 18 grams of suspected fentanyl, which field tested positive for fentanyl, approximately 43 grams of pills suspected to be methamphetamine or an opiate pressed pill that has the common look of ecstasy, a prescription pill bottle filled more than halfway with Xanax tablets, a personal amount of marijuana, a personal amount of methamphetamine, and other miscellaneous unknown pills.

Davis is currently being held in Greene County Jail on a 24 hour hold for 1st Degree Drug Trafficking of Fentanyl. A request for the official incident report is still pending (SPD25-28165).

Davis did not have permission to travel to Springfield, Missouri, which is outside the Eastern District of Missouri, on any occasion.

Davis has not been interviewed related to this violation.

**Violation Number**

Mandatory Condition No. 3: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Nature of Noncompliance**

On July 12, 2025, Davis participated in a random drug test that yielded a positive result for amphetamines and fentanyl.

When interviewed, Davis admitted to having relapsed and using the substances on one occasion.

On August 25, 2025, Davis participated in a random drug test that yielded a positive result for cannabinoids.

When interviewed, Davis admitted to having used marijuana on one occasion a week or two before his drug test.

**Violation Number**

Special Condition: You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

**Nature of Noncompliance**

On Each June 21 and June 27 of 2025, Davis failed to report for random drug testing as required.

When interviewed, Davis advised that he missed his drug tests due to having a phone that was not working well that month. Davis stated he had a new phone and that he should not have future issues getting to drug testing.

**Violation Number**

Standard Condition No.7: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

## Nature of Noncompliance

Davis has failed to provide the probation officer with verification of legitimate employment since July of 2024.

## Previous Violations

On January 29, 2024, the Court was notified of Davis' noncompliance relative to illicit substance use. Verbal warnings and reprimands were issued to Davis in response to his noncompliance.

On April 30, 2024, the Court was notified of Davis' noncompliance relative to illicit substance use. Verbal warnings and reprimands were issued to Davis in response to his noncompliance. Davis was also referred for cognitive behavioral treatment with Risse Counseling Services.

On May 27, 2025, the Court was notified of Davis noncompliance relative to illicit substance use, failure to report for drug testing, and failure to report for treatment services as scheduled. In response, Davis was issued verbal warnings and reprimands, and he was re-enrolled in the drug testing call-in line to better monitor his substance use. Davis was re-directed to report for all treatment appointments as scheduled.

**U.S. Probation Officer Recommendation:** It is recommended the Court issue a warrant and Davis's term of supervision be revoked.

Due to Davis' noncompliance related to illicit substance use, failure to report for drug testing, failure to obtain and maintain legitimate employment, travel outside the district without permission, and engagement in new criminal conduct, he does not currently appear amenable to supervision in the community.

The Supervised Release should be
 [X] revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 19, 2025

Respectfully submitted,

by *Julie Freeman*

Julie A. Freeman
U.S. Probation Officer
Date: September 19, 2025

Approved,

by *Roxanne F. Jolly*

Roxanne F. Jolly
Supervisory U.S. Probation Officer
Date: September 19, 2025

THE COURT ORDERS:

☐ No Action
☒ The Issuance of a Warrant
☐ The Issuance of a Summons
  Appearance Date:
  Appearance Time:
  Courtroom Number:
☐ Other

*Audrey G. Fleissig*
Signature of Judicial Officer

September 19, 2025

I:\Supervision\12C\Davis, Travion 12C 422CR00053-1 AGF 09-19-2025.docx